UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE L. IVEY, JR.,

                Plaintiff,

     -against-                           1:20-CV-1617 (LEK/CFH)

ALBANY COUNTY, *et al.*,

                Defendants.

---

## MEMORANDUM-DECISION AND ORDER

## I.   INTRODUCTION

Plaintiff Joe L. Ivey, Jr. brings this pro se civil action against Defendants Albany County, the Times Union Center, ASM Global ("ASM"), SMG Holdings ("SMG"), and John W. Geary. See Dkt. No. 1 ("Complaint"). Presently before the Court is Albany County's, the Times Union Center's, ASM Global's, and SMG Holdings' (collectively, "Motion Defendants") motion to dismiss[1] pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. See Dkt. Nos. 7 ("Motion to Dismiss"), 7-2 ("Motion Defendants' Memorandum of Law"), 9 ("Opposition"), 11 ("Reply"), 13 ("Motion Defendants' Sur-Reply"), and 14 ("Plaintiff's Sur-Reply"). For the reasons that follow, the Court grants the Motion to Dismiss.

## II.   BACKGROUND

### A.  Factual History

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

---

[1]  Defendant Geary has not made an appearance in this action. See Docket. The Court encourages Plaintiff to apply to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) and L.R. 55.1.

On or about September 2018, Plaintiff applied for a security position with the Times Union Center. Compl. at 2 ¶ 3. The Times Union Center, which is owned and patrolled by Albany County, promotes itself "an Equal Opportunity/Affirmative Action employer, and encourages Women, Minorities, Individuals with Disabilities, and protected Veterans to apply." Id. ¶ 1. Although Plaintiff was applying for a job at the Times Union Center, he had to apply via SMG or AMS. See Compl. at 19.[2] In September or October 2018, Plaintiff received a call from Defendant Geary who was drunk and ranting about Plaintiff applying for a position at the Times Union Center. See id. at 2 ¶ 4. Around this time, Plaintiff alerted the Times Union Center and others about Geary's degrading treatment. Id. ¶ 5. In October or November 2018, Plaintiff was scheduled for a job interview with Geary and others. Id. ¶ 6. Plaintiff continued to receive intimidating and threatening comments from Geary, and he continued to report the degrading and humiliating experiences. Id. ¶¶ 7–8. During the job interview, Geary explained to Plaintiff that he was in an Alcoholics Anonymous class, but proceeded to incorrectly talk about Plaintiff's experience in security jobs. Id. ¶ 7. In October or November 2018, SMF notified Plaintiff that he would not be hired. Id. ¶ 9.

In November 2018, officers from the Albany County Sheriff's Department showed up at Plaintiff's place of employment in Rensselaer County. Id. ¶ 10. The officers were allegedly sent on behalf of Geary to retaliate against Plaintiff by charging him in criminal court. Id. From November 2018 to March 2019, Plaintiff was brought into criminal court multiple times, but

---

[2]  According to Plaintiff's schematic, ASM and SMG merged. See Compl. at 19. The Court notes that Motion Defendants' declaration provides a clearer explanation of ASM and SMG's roles as a private venue management company that contracted with Albany County to operate the Times Union Center, see Dkt. No. 7-1 ¶¶ 2–4, but the Court does not need to rely on this information at this time.

Geary was a no-show. Id. ¶ 11. Mr. Ivey reported this to the New York Division of Human Rights and United States Equal Employment Opportunity Commission. Id. ¶ 12.

### B. Procedural History

On December 28, 2020, Plaintiff filed his Complaint. See Compl. On March 5, 2021, Motion Defendants filed their Motion to Dismiss. Mot. to Dismiss. On December 3, 2021, after the parties submitted their initial briefing, the Court requested the parties submit additional briefing on whether Plaintiff's service complied with the New York Civil Practice Law and Rules. See Dkt. No. 12; Mot. Defs.' Sur-Reply; Pl.'s Sur-Reply.

## III.  LEGAL STANDARD

### A. Rule 12(b)(1) Motion to Dismiss

When a defendant "moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." United States ex rel. Kreindler & Kreindler v. United Tech. Corp., 985 F.2d 1148, 1155–56 (2d Cir. 1993) (internal quotation marks and citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." Kiryas Joel Alliance v. Village of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual

allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs. Buday v. N.Y. Yankees P'Ship, 486 F. App'x 894, 896 (2d Cir. 2012). Plaintiffs, as the parties asserting subject matter jurisdiction, bear the burden of establishing their standing as the proper parties to bring this action. See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir. 2012).

### B.  Rule 12(b)(5) Motion to Dismiss

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Sikhs for Justice v. Nath, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006)). On a motion to dismiss pursuant to 12(b)(5) for deficient service of process, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Soos v. Niagara County, 195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (quoting In re Magnetic Audiotape Antitrust Litig., 334 F.3d 205, 206 (2d Cir. 2003)). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." Kwon v. Yun, No. 05-CV-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Soos, 195 F. Supp. 3d at 463 (quoting Jackson v. City of New York, No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015)).

### C.  Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atl. Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. <u>See</u> <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." <u>Id.</u> at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. <u>See</u> <u>id.</u> at 678–79.

## IV.   DISCUSSION

Motion Defendants argue that the Court lacks subject matter jurisdiction, Plaintiff fails to state a claim, and Plaintiff failed to properly serve them. <u>See generally</u> Mot. Defs.' Mem. of Law. As mentioned above, the Court will first consider the Rule 12(b)(1) challenge. Afterwards, the Court will consider the Rule 12(b)(5) challenge before reaching a Rule 12(b)(6) determination. <u>See</u> <u>Styles v. Westchester Cty.</u>, No. 18-CV-12021, 2020 WL 1166404, at *4 (S.D.N.Y. Mar. 10, 2020) ("Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court must first address the preliminary questions of service and personal jurisdiction.") (quoting

Hertzner v. U.S. Postal Serv., No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007)).

### A.  Rule 12(b)(1) Motion to Dismiss

Motion Defendants first argue that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because he failed to file a timely administrative charge. See Mot. Defs.' Mem. of Law at 4–6. Next, Motion Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's ADEA claims because Plaintiff failed to assert such claims in his administrative charge and the charge would have been untimely. See id. at 7–9.

The Supreme Court has held that the "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Similarly, the Second Circuit has held that "in the employment discrimination context, the exhaustion requirement, while weighty, is not jurisdictional, and is subject to waiver, estoppel, and equitable tolling." Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 444 (2d Cir. 2006) (internal quotation marks and citations omitted). "In this Circuit, exhaustion of administrative remedies is not jurisdictional under Title VII, and likely not jurisdictional under the ADA or ADEA." Perez v. New York City Dep't of Educ., No. 15-CV-7156, 2017 WL 4129637, at *4 (S.D.N.Y. Sept. 15, 2017); see Holowecki v. Federal Exp. Corp., 440 F.3d 558, 565 (2d Cir. 2006) ("Rule 12(b)(1) does not apply because the ADEA's time limits, which are subject to equitable modification, are not jurisdictional in nature"); see also Saunders v. Lupia, No. 07–CV–2408, 2009 WL 2525135, at *2, n.4 (E.D.N.Y. Aug. 17, 2009) ("Although defendants, in addition to moving under Rule 12(b)(6), makes the motion

6

under Rule 12(b)(1) for lack of subject matter jurisdiction on any Title VII claim asserted by plaintiff because it is time-barred, it is well-settled that the timing requisites of Title VII claims are not jurisdictional and, thus, subject to, among other things, equitable tolling."). Therefore, the Court finds that it is more appropriate to address Motion Defendants' timeliness and exhaustion arguments as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

**B. Rule 12(b)(5) Motion to Dismiss**

Next, Motion Defendants argue that Plaintiff failed to properly serve them with the summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. See Mot. Defs.' Mem. of Law at 17–18.

Rule 4 of the Federal Rules of Civil Procedure provides that a corporation, partnership, or association may be served either (a) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (b) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B). Service under Rule 4(e)(1) involves "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 4 of the Federal Rules of Civil Procedure also provides that a state, a municipal corporation, or any other state-created governmental organization must be served by (a) "delivering a copy of the summons and of the complaint to its chief executive officer" or (b)

"serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

Finally, under Rule 4(d), a plaintiff may notify a defendant "that an action has been commenced and request that the defendant waive service." See Fed. R. Civ. P. 4(d)(1). The request may "be sent by first-class mail or other reliable means," and must "be accompanied by a copy of the complaint, 2 copies of the [required] waiver form ..., and a prepaid means for returning the form." See Fed. R. Civ. P. 4(d)(1)(C), (G). "When the plaintiff files a waiver, proof of service is not required and [the] rules apply as if a summons and complaint had been served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). However, Motion Defendants correctly point out that Plaintiff did not make any request to the defendants to waive service. See Mot. Defs.' Mem. of Law at 18.

Here, Plaintiff "served" Motion Defendants by "mailing and depositing a true and corrected copy of said document(s) in a mailbox located" in Albany, NY. See Dkt. Nos. 5, 5-1, 5-2, 5-3, 5-4 (collectively, "Certificates of Service by Mail"). Courts have recognized that the term "delivery" is a term of art under Rule 4 and it must be personal. See Tate v. YRC Worldwide, Inc., No. 08-CV-0007, 2008 WL 11318316, at *2 (E.D.N.Y. Sept. 23, 2008) ("Because the 'term "delivery" as used in Rule 4(h)(1)(B) does not include service by mail,' service under that Rule must be personal—i.e., by hand." (citing Travelodge Hotels, Inc. v. Vijay Investments, LLC, No. 07-CV-4033, 2007 WL 4557641, at *1 (D.N.J. Dec. 21, 2007)); see also Gleeson v. McDonald, No. 08-CV-126, 2009 WL 1684447, at *4 (D.N.D. June 15, 2009) ("'Delivery' [in Rule 4(j)] is a term of art that requires personal service upon particular individuals designated to accept service,

and service by mail, even certified mail, return receipt, does not constitute delivery"), aff'd, 377

F. App'x 577 (8th Cir. 2010).

Since Plaintiff's mailing of the certificates of service did not comply with the Federal

Rules of Civil Procedure, the Court must next determine whether Plaintiff's service complied

with the New York Civil Practice Law and Rules ("CPLR").

CPLR § 311 permits service upon a corporation "by delivering the summons . . . to an

officer, director, managing or general agent, or cashier or assistant cashier or to any other agent

authorized by appointment or by law to receive service." CPLR § 311(a)(1). "[N]either

Fed.R.Civ.P. 4(h) nor CPLR § 311 authorizes service on corporations via mail." Amnay v. Del

Labs, 117 F. Supp. 2d 283, 286–87 (E.D.N.Y. 2000). "A plaintiff may also serve a defendant

corporation by effecting service on the New York Secretary of State." Almukthar v. S&A

Trading USA, Inc., No. 21-CV-0190, 2021 WL 5883416, at *4 (N.D.N.Y. Dec. 13, 2021) (first

citing CPLR § 311(a)(1); and then citing N.Y. Bus. Corp. §§ 306, 307). CPLR § 311 also

provides that "[p]ersonal service upon a . . . governmental subdivision shall be made by

delivering the summons . . . upon a county, to the chair or clerk of the board of supervisors, clerk,

attorney or treasurer." CPLR § 311(a)(4). Thus, the Court finds that Plaintiffs' Certificates of

Service by Mail on the Times Union Center, ASM, SMG, and Albany County did not comply

with § 311.

CPLR § 312-a provides for service by mail, but a plaintiff is required to send "by first

class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies

of a statement of service by mail and acknowledgment of receipt in the form set forth in

subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender."

Id. § 312-a(a). The Court agrees with Motion Defendants that Plaintiffs' Certificates of Service by Mail did not comply with § 312-a.

In response, Plaintiff cites to "Law.Cornell.Edu Rule 29" for the proposition that "Any document required . . . may be served personally, by mail, or by third-party commercial carrier for delivery. . ." Opp'n at 9. Although Plaintiff does not specify where this Rule 29 originates from, it is the Court's understanding that Plaintiff was relying on Rule 29 of the Supreme Court Rules. See U.S. Sup. Ct. R. 29(3) ("Any document required by these Rules to be served may be served personally, by mail, or by third-party commercial carrier for delivery within 3 calendar days on each party to the proceeding at or before the time of filing."). In any case, the Supreme Court Rules do not apply to this case:

> Rule 29 of the Rules of the Supreme Court, as cited by Plaintiff, is of no help to him here. As suggested by the name, the Rules of the Supreme Court are just that: rules of practice before the Supreme Court. Therefore, the methods of filing with the Supreme Court are simply inapplicable to the matter before this Court here.

Ross v. City of Charleston, W. Virginia, No. 20-CV-0670, 2021 WL 3088005, at *3 (S.D.W. Va. July 22, 2021).

Thus, the Court agrees that Plaintiff has failed to properly serve the Motion Defendants. "Where service is deemed to have been insufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." Frezzell v. New York State Dep't of Lab., No. 14-CV-0729, 2016 WL 796063, at *2 (N.D.N.Y. Feb. 24, 2016) (quotation marks omitted and collecting cases) (Kahn, J.). If a complaint is dismissed, it is typically without prejudice absent unusual circumstances. Blasio v. N.Y. State Dep't of Corr. Servs., No. 04-CV-653S, 2005 WL 2133601, at *5 (W.D.N.Y. Aug. 31, 2005). In Frezzell, this Court found that dismissal was not warranted

10

when a pro se plaintiff attempted to comply with Rule 4, and mistakenly believed that a different

group of defendants had been properly served. 2016 WL 796063, at *3. In this case, however, the

Court is not convinced that Plaintiff attempted to comply with Rule 4. "It is well established that

pro se plaintiffs are not excused from complying with procedural rules." Id.; see McNeil v.

United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in

ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

without counsel."). In light of all of this, the Court will exercise its discretion to dismiss the

action against the Motion Defendants without prejudice. Therefore, the Court does not need to

consider the merits of Motion Defendants' Rule 12(b)(6) arguments at this time.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Motion Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED**;

and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED WITHOUT**

**PREJUDICE** against Defendants Albany County, the Times Union Center, ASM, and SMG;

and it is further

**ORDERED**, that the Clerk of the Court shall terminate Defendants Albany County, the

Times Union Center, ASM, and SMG from this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        December 28, 2021
                   Albany, New York

                                                  LAWRENCE E. KAHN
                                                  United States District Judge