UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOE L. IVEY, JR.,

                Plaintiff,

  -against-                                     1:20-CV-1617 (LEK/CFH)

ALBANY COUNTY, *et al.*,

                Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Joe L. Ivey has brought this pro se action against Defendant John W. Geary ("Defendant"). Dkt. No. 1 ("Complaint"). After Defendant failed to answer, Plaintiff filed a request for entry of default and damages on December 28, 2022. Dkt. No. 20. The Clerk executed a certificate of default on January 10, 2023. Dkt. No. 24. Presently before the Court are Plaintiff's motions for default judgment, Dkt. No. 27, and "consideration and award of damages," Dkt. No. 28, both filed on February 3, 2023 ("Motions"). For the reasons that follow, Plaintiff's Motions are denied.

**II.     BACKGROUND**

Plaintiff's factual allegations are detailed in this Court's previous Memorandum-Decision, Dkt. No. 15, familiarity with which is assumed.

Liberally construing pro se Plaintiff's Complaint, Plaintiff raises the following claims against Defendant: (1) employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2; (2) retaliation against conduct protected by Title VII, 42 U.S.C. § 2000e–3; and (3) a state law claim of negligence. <u>See generally</u> Compl.

### III. LEGAL STANDARD

After the clerk has filed an entry of default against a party that has failed to plead or otherwise defend, a court may enter default judgment upon application of the opposing party. See Fed. R. Civ. P. 55(b). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013). To make this determination, courts rely on the standards established by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See TAGC Mgmt., L.L.C. v. Lehman, Lee & Xu Ltd., 536 F. App'x 45, 47 (2d Cir. 2013) (reviewing a default judgment under the Twombly and Iqbal standards). A plaintiff must therefore allege "enough facts to state a claim to relief that is plausible on its face" Twombly, 550 U.S. at 570. A plaintiff must plead sufficient factual content to enable a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," beyond mere "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. Because there is "a strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply, . . . a district court's discretion in proceeding under Rule 55 [is] circumscribed." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011).

### IV. DISCUSSION

To secure a default judgment, Plaintiff must establish grounds for Defendant's liability. Thus, to succeed on his Motions, Plaintiff must establish with sufficient plausibility that: (1)

2

Defendant engaged in unlawful employment discrimination on the basis of race; (2) Defendant engaged in unlawful retaliation against Plaintiff; and (3) Defendant was negligent towards Plaintiff. The Court addresses each claim in turn.

**A. Federal Claims**

*1. Title VII Racial Discrimination*

To successfully plead employment discrimination on the basis of race under Title VII, "a plaintiff must proffer evidence that (1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the adverse action occurred in circumstances giving rise to an inference of race discrimination." Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014). "[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotations and citation omitted).

As an African American, Plaintiff belongs to a "protected group," and thus establishes the first element of a Title VII discrimination case.

Regarding the second element, Plaintiff must establish "basic eligibility for the position at issue." Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 81 (2d Cir. 2009). "Eligibility requirements are defined by the employer, and a plaintiff's subjective belief that she is qualified for the position is not sufficient." Ellis v. Century 21 Dep't Stores, 975 F. Supp. 2d 244, 267 (E.D.N.Y. 2013). Here, Plaintiff does not provide any evidence that he was qualified for the position. Plaintiff does not indicate in his Complaint that he has prior experience in security management, nor does he indicate that he has any sort of specialized training or education in the field. See generally Compl.

3

Because Plaintiff has not plausibly pleaded that he was eligible for the position at issue, Plaintiff has failed to make a successful Title VII discrimination claim against Defendant.

   2. *Title VII Retaliation*

To make a *prima facie* case of retaliation under Title VII, Plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (quotations and citations omitted).

Here, Plaintiff argues that he faced two forms of retaliation. First, Plaintiff states that he did not receive a job offer at the Times Union Center because Plaintiff filed complaints about Defendant. Compl. at 4. Defendant states that he sent multiple complaints to Defendant's employer about Defendant's "verbal degrading treatment," and that Plaintiff was subsequently denied employment. Id. at 2–3. Second, Plaintiff argues that Defendant further retaliated by calling the Albany County Sherriff Department and alleging that Plaintiff engaged in illegal conduct. Id. at 3. As a result, Defendant was "brought into criminal court for multiple appearances for providing detail reportings [*sic*]." Id.

To meet the first element of a retaliation claim, Plaintiff must show that he participated in a "protected activity." Hicks, 593 F.3d at 164. Protected activity includes both "opposing discrimination proscribed by the statute . . . and participating in Title VII proceedings." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). "An employee's complaint may qualify as protected activity, satisfying the first element of this test, so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C., 716 F.3d 10, 14 (2d

4

Cir. 2013) (quotations and citation omitted). Here, Plaintiff does not show that he participated in a protected activity. Plaintiff states that he filed complaints regarding Defendant's behavior, but those complaints do not suggest that Plaintiff was "opposing discrimination proscribed by the statute." Jute, 420 F.3d at 173. Plaintiff does not allege that those complaints contained any allegations of racial discrimination. In fact, at no point does Plaintiff state that he was motivated to file those complaints because Plaintiff believed he was facing racial discrimination. Rather, Plaintiff seems to only state that he filed those complaints because of the harsh language that Defendant employed—language that does not appear to have contained any racial connotations. Compl. at 2–3. "Complaints centered on general allegations of harassment unrelated to race are not protected activity under Title VII." Risco v. McHugh, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012) (cleaned up). Thus, because Plaintiff has failed to show that he participated in a protected activity, his Title VII retaliation claim fails.

In summary, both Plaintiff's Title VII racial discrimination and retaliation claims fail. Because the Court is inclined to make default judgment determinations on the merits, Mickalis Pawn Shop, 645 F.3d at 129, the Court declines to grant default judgment on the federal law claims. However, the Court will allow Plaintiff to file an amended complaint that provides more sufficient footing for his claims within sixty days (60) of the filing of this Memorandum-Decision and Order.

### B. State Law Negligence Claim

Plaintiff asserts that Defendant engaged in negligent conduct.

If a court has original jurisdiction, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims arise under the same

case or controversy when they "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding." People ex rel. Abrams v. Terry, 45 F.3d 17, 23 n. 7 (2d Cir.1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Supplemental jurisdiction is traditionally treated as "a doctrine of discretion, not of plaintiff's right." Gibbs, 383 U.S. at 726. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). If a court's discretion is triggered under § 1367(c)(3), a court must engage in a balancing test an evaluate whether the "values of judicial economy, convenience, fairness, and comity" permit the court to exercise jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Supreme Court has cautioned that these factors should usually encourage a court to decline jurisdiction. See id. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); see also Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well.").

Here, the Court may exercise supplemental jurisdiction over Plaintiff's state law negligence claim given that it arises out of the exact same set of facts as Plaintiff's federal Title VII claims. But because Plaintiff's federal claims are not currently viable, New York state courts are the most appropriate forum for Plaintiff to make his negligence claim. Plaintiff may, however, renew his state law claim in his amended complaint.

C. Service

The Court notes that it has concerns regarding how Plaintiff attempted to effect service on Defendant. Here, Plaintiff filed a certificate of service showing that he mailed copies of the pleadings to Defendant at 300 Conshohocken State Road, Suite 770, West Conshohocken, PA 19428. Dkt. No. 5. The 300 Conshohocken State Road address appears to be the address of another defendant in this suit, SMG Holdings.[1] See SMG, Better Business Bureau, https://www.bbb.org/us/pa/w-conshohocken/profile/arena/smg-0241-21306196 (last visited xxxx).

Rule 5(b) of the Federal Rules of Civil Procedure specifies where service must be made on a Defendant. Fed. R. Civ. P. 5(b)(2)(B) states that a paper may be delivered to a defendant's workplace, but only "at the [defendant]'s office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office." Fed. R. Civ. P. 5(b)(2)(C) states that a paper may be served via mail, but the paper must be mailed "to the [defendant]'s last known address."

Here, Plaintiff appears to have not effected proper service on Defendant. Plaintiff mailed the pleadings to Defendant at SMG Holding's Pennsylvania office. See Dkt. No. 5. However, it is unlikely that Defendant maintains an office in SMG Holding's Pennsylvania office, given that Defendant worked in Albany, New York during the events of the Complaint. See generally Compl. To comply with Fed. R. Civ. P. 5(b)(2)(B), Plaintiff was required to make service at the specific office in which Defendant works. Furthermore, Plaintiff was only permitted to mail the pleadings to Defendant at Defendant's *last known address*. Fed. R. Civ. P. 5(b)(2) does not

---

[1] As this Court noted in its prior Decision-Memorandum, SMG appears to be "a private venue management company that contracted with Albany County to operate the Times Union Center." Dkt. No. 15 at 2, n. 2.

permit Plaintiff to mail the pleadings to Defendant's *workplace*, as workplace service must be made in-person.

If Plaintiff files an amended complaint, the Court cautions that Plaintiff must make proper service on Defendant. This means that Plaintiff must serve Defendant with any pleadings and motions that Plaintiff has made. Fed. R. Civ. P. 5(a). Plaintiff must also serve Defendant at a proper location. These locations include physically leaving a copy at Defendant's office with either a clerk or "in a conspicuous place in the office," or mailing a copy to Defendant's last known address. Fed. R. Civ. P. 5(b). If Plaintiff files an amended complaint and fails to make proper service on Defendant, the Court may dismiss the action as to this Defendant for failure to effect service pursuant to Fed. R. Civ. P. 4(m).

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion for Default Judgment (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Motion for Consideration and Award of Damages (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED**, that Plaintiff is given **sixty (60) days** to file an amended complaint; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     July 18, 2023
                Albany, New York

                                            LAWRENCE E. KAHN
                                            United States District Judge