UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE L. IVEY, JR.,

                Plaintiff,

  -against-                                    1:20-CV-1617 (LEK/CFH)

COUNTY OF ALBANY, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**    **INTRODUCTION**

Plaintiff Joe L. Ivey brought this case against multiple Defendants on December 28, 2020. Dkt. No. 1. On December 28, 2021, this Court dismissed all claims against all Defendants other than John W. Geary ("Geary"). Dkt. No. 15 ("December 2021 Order"). On October 26, 2023, Plaintiff filed an amended complaint asserting claims solely against Geary. Dkt. No. 36 ("Amended Complaint"). This Amended Complaint is currently the operative pleading.

Plaintiff alleges various federal and state law civil rights violations and torts. See generally id. Defendant now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 47-3 ("Motion"). Plaintiff has filed a response, Dkt. No. 49 ("Response"), and Defendant has filed a reply, Dkt. No. 50.

For the reasons that follow, Defendant's Motion is granted in its entirety.

**II.**    **BACKGROUND**

Plaintiff's factual allegations are detailed in this Court's previous Memorandum-Decision and Order. See Dec. 2021 Order at 1–3.

1

On July 18, 2023, this Court issued a Memorandum-Decision and Order denying Plaintiff's request for a default judgment against Defendant, and warned Plaintiff that he had failed to properly serve Defendant. See Dkt. No. 31 at 8. Plaintiff then made an several additional failed attempts to serve Defendant, even after this Court accepted Plaintiff's Amended Complaint as the operative pleading in this action. See Dkt. Nos 35, 37, 41. On January 29, 2024, the Court accepted Plaintiff's affidavits of service, see Dkt. No. 42 at 12, and directed Defendant to file a responsive pleading. Dkt. No. 43.

Plaintiff's Amended Complaint, though difficult to parse, appears to allege a number of federal and state claims, including: (1) a retaliation claim for a Section 1983 violation of the First Amendment of the U.S. Constitution and violation of Article I, Section 8 the New York State Constitution; (2) a Section 1983 claim for abuse of process; (3) a Section 1983 claim for malicious prosecution; (4) perjury; (5) concealment; (6) color of law; (7) conspiracy; (8) a state law claim of negligent misrepresentation; (9) employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2; and (10) harassment. See Am. Compl. at 10–14.[1]

### III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule

---

[1] Page numbers refer to ECF pagination.

12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV. DISCUSSION

### A. Section 1983 Claims

42 U.S.C. § 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights, but rather provides civil litigants with a procedure to redress the deprivation of rights established elsewhere. See id. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right." Id.

A private party is deemed to have acted under color of state law if he conspires with a state actor to violate a plaintiff's constitutional rights. See Charlotten v. Heid, No. 09-CV-891, 2011 WL 3423826, at *11 (N.D.N.Y. Aug. 4, 2011) (Kahn, J.) (noting that a private actor who

3

"conspires with a state official to deprive a criminal defendant of his constitutional rights . . . is deemed to have been acting under color of state law" (quoting Cruz v. Superior Court Judges, No. 04-CV-1103, 2005 WL 677282, at *5 (D. Conn. Mar. 21, 2005))); see also Young v. Suffolk County, 705 F. Supp. 2d 183, 195–96 (E.D.N.Y. 2010) (noting that Section 1983 "liability also applies to a private party who 'conspires with a state official to violate the plaintiff's constitutional rights'" (quoting Fisk v. Letterman, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005))). In order to establish that a private individual conspired for purposes of Section 1983, a plaintiff must show that "(1) there was an agreement between the individual and a state actor; (2) 'to act in concert to inflict an unconstitutional injury'; and (3) there was 'an overt act done in furtherance of that goal causing damages.'" Charlotten, 2011 WL 3423826, at *11 (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002)).

     Here, Defendant is a private party who is not in the employ of any state agency. See Am. Compl. at 3–4 (noting Defendant's work at SMG, a private enterprise). Thus, in order to establish that Defendant was operating "under the color of law," Plaintiff must allege that Defendant conspired with a state actor to violate Plaintiff's rights. However, nowhere in the Amended Complaint does Plaintiff provide such allegations. At most, Plaintiff pleads that Defendant's employer, SMG, had contracted with Albany County to operate and employ personnel, and that Albany County owned the location of employment. See id. at 3–9. Plaintiff also suggests that Defendant acted under the color of law by filing a police complaint against Plaintiff. See id. at 11–12. These allegations, however, are not enough to establish that Defendant acted under color of law. None of Plaintiff's allegations meet the enumerated test established in this Circuit for color of law conspiracy, as Plaintiff has not shown: (1) that Defendant entered into an agreement with either Albany County or local police; (2) that

Defendant agreed with Albany County or local police to inflict an unconstitutional injury on Plaintiff; and (3) that there was some overt act. See Charlotten, 2011 WL 3423826, at *11. Merely contacting local authorities, or the fact that a defendant's employer had a contractual agreement with a county, does not rise to the level of acting under the color of law.

As Plaintiff has not demonstrated that Defendant acted under the color of law, Plaintiff cannot maintain any Section 1983 claim against Defendant. Accordingly, the Court dismisses Plaintiff's (1) First Amendment retaliation, (2) abuse of process, and (3) malicious prosecution claims.

### B. Title VII

Plaintiff similarly cannot maintain his claim against Defendant for discrimination in violation of Title VII. As the Second Circuit has routinely noted, "individuals are not subject to liability under Title VII." Sassaman v. Gamache, 566 F.3d 307, 315 (2d Cir. 2009) (quoting Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)). The Court therefore dismisses this claim.

### C. Perjury, Concealment, Color of Law, Conspiracy, and Harassment

Plaintiff makes claims for (1) perjury, (2) concealment, (3) color of law, (4) conspiracy, and (5) harassment. See Am. Compl. at 11–12. However, those are not recognized cause of action under either federal or state civil law. The Court therefore dismisses these claims.

### D. Remaining State Law Claims

If a court has original jurisdiction, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims arise under the same case or controversy when they "'derive from a common nucleus of operative fact' and are such

that one would ordinarily expect them to be tried in one judicial proceeding." People ex rel. Abrams v. Terry, 45 F.3d 17, 23 n. 7 (2d Cir.1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Supplemental jurisdiction is traditionally treated as "a doctrine of discretion, not of plaintiff's right." Gibbs, 383 U.S. at 726. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). If a court's discretion is triggered under § 1367(c)(3), a court must engage in a balancing test and evaluate whether the "values of judicial economy, convenience, fairness, and comity" permit the court to exercise jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The Supreme Court has cautioned that these factors should usually encourage a court to decline jurisdiction. See id. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); see also Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well.").

The Court has dismissed each of Plaintiff's federal claims, and only Plaintiff's state law claims remain. Given that federal courts generally decline to extend supplemental jurisdiction when all federal claims have been extinguished, the Court dismisses Plaintiff's state law claims as well.

### E. Dismissal With Prejudice

The Court dismisses each of Plaintiff's claims with prejudice. While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, a "court nevertheless has

6

discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources." Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005). This case has been litigated for over three years, and Plaintiff has already been afforded the opportunity to file an amended complaint. Furthermore, the Court has conducted a thorough review of Plaintiff's filings in this case. Much of those filings contain largely irrelevant material; and that material which is not irrelevant is almost entirely comprised of unsupported and conclusory allegations. Plaintiff also cannot cure the defects in his Amended Complaint, as Plaintiff cannot show that Defendant acted under color of law, cannot maintain a Title VII claim against Defendant, and the claims outlined in supra Part IV.C are not recognized causes of action under civil federal or state law. As such, the Court finds that any future amendment would not only be futile, but would also be a waste of judicial time and resources. Accordingly, Plaintiff's claims against Defendant are dismissed with prejudice.

## V.   DEFENDANT'S FUTURE FILINGS

Plaintiff has a lengthy litigation history in this District. Plaintiff filed his first case in this District ten years ago, see Ivey v. New York State Higher Educ. Servs. Corp., No. 14-CV-326, and has filed two cases since: the instant matter, and Ivey v. City of Albany, No. 21-CV-684. Those actions have all been dismissed with prejudice.

In each of the cases that Plaintiff has filed, virtually all of his papers have been vexatious. The submissions frequently violate Local Rule 12.1(a), which sets a twenty-five-page limit on all memorandums of law, and Local Rule 10.1(a), which outlines clear rules for the format of papers filed with the Court. Plaintiff's Response to the instant Motion is a good example. The Response violates Local Rule 12.1(a) as it is thirty-four pages; includes lengthy dictionary block quotes of immaterial terms such as "double down," "trifecta," and "search," see Resp. at 13–14; provides

screenshots or facsimiles of irrelevant material, such as a screenshot of an attorney's LinkedIn account and unrelated letters from opposing counsel, see id. at 24–26; and includes lengthy quotations of extraneous legal materials, see id. at 5–8.

Furthermore, Plaintiff's repeated failures to effect service in this action has resulted in prejudice to the parties, and has offended the principles of judicial economy. This Court has issued a number of orders related to Plaintiff's failure to effect proper service. See Dkt. Nos. 31, 35, 37, 41. The Court accepted Plaintiff's most recent attempt at service because Plaintiff averred that "a co-tenant of Defendant [] agreed to accept service on his behalf." Dkt. No. 43 (citing Dkt. No. 42 at 12). However, Defendant argues that this is not true. Instead, Defendant states that Plaintiff did not serve Defendant at Defendant's residence, and that the individual who Plaintiff left the summons and Amended Complaint with was not even a co-tenant of Defendant. See Mot. at 15. If this is true, it would mean that Plaintiff filed a false affidavit of service, which would call into question the reliability and veracity of Plaintiff's other filings.

Plaintiff's history of failed litigation in this District, vexatious papers, and recurrent service failures are each independent grounds of concern for the Court. Taken as a whole, Plaintiff is moving very close to becoming a vexatious litigant. Courts in this Circuit "have found it necessary to warn [a] [p]laintiff that h[is] behavior borders on being vexatious." Schafler v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 15-CV-7863, 2016 WL 10950129, at *4 (S.D.N.Y. Nov. 30, 2016) (cleaned up), aff'd, 707 F. App'x 751 (2d Cir. 2018). "When such warnings [go] unheeded," a district court may restrict a "[p]laintiff's ability to bring suit." Id.

The Court therefore warns Plaintiff that should the above-described practices continue, he will be considered a vexatious litigant. Should the Court come to this conclusion, it will refer Plaintiff to the Honorable Brenda K. Sannes, Chief United States District Judge, for

8

consideration of whether to issue an order to show cause directing Plaintiff to explain why a pre-filing order should not be issued against him.

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion, Dkt. No. 47, is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 27, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge

9